UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BRUCE STANLEY BROWN,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 1 1 2017

MEMORANDUM DECISION
AND ORDER
16 Civ. 81 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff Bruce Stanley Brown seeks review by this Court of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits ("DIB"). (Compl., (ECF No. 2).)

Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This matter was referred to Magistrate Judge Sarah Netburn on January 19, 2016. (ECF No. 5.)

Before this Court is Magistrate Judge Netburn's Report and Recommendation ("Report," ECF No. 20), recommending that Defendant's motion, (ECF No. 12), for judgment on the pleadings be granted.[1] (Report at 1.) This Court fully adopts those recommendations.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186,

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. (*See* Report at 1-4.)

1189 (S.D.N.Y. 1985)). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). This Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). However, if a party "simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007).

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 11); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Report. (Pl.'s Obj., ECF No. 22.) *Pro se* submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F. 3d 787, 790 (2d Cir. 1994) (internal citation omitted).

Judgment on the pleadings is appropriate when the material facts are undisputed and a party is entitled to judgment as a matter of law based on the contents of the pleadings. *See, e.g., Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 213-14 (S.D.N.Y. 1999).

42 U.S.C. § 405(g) provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). The term "substantial" does not require that the

evidence be overwhelming, but it must be "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

A district court does not review the Commissioner's decision *de novo*. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). Rather, the court's inquiry is limited to ensuring that the Commissioner applied the correct legal standard and that his decision is supported by substantial evidence. *See Hickson v. Astrue*, No. 09 Civ. 2049 (DLI) (JMA), 2011 WL 1099484, at *2 (E.D.N.Y. Mar. 22, 2011). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the plaintiff's position." *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). That is, a district court may only set aside the ALJ's factual findings "if a reasonable factfinder would have had to conclude otherwise." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis omitted) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1289 (8th Cir. 1994)).

## II. THE RECORD PROVIDES SUBSTANTIAL EVIDENCE FOR THE ALJ'S CONCLUSION THAT PLAINTIFF WAS INELIGIBLE FOR DIB

The Report properly found that the record supported ALJ Miriam Shire's April 25, 2014 determination that Plaintiff was ineligible for DIB on the grounds that 1) his earnings record did not show that he had enough of quarters of coverage (twenty quarters out of a forty-quarter period), and 2) his United States Postal Service employment did not require him to pay the Federal Insurance Contributions Act ("FICA") tax, which funds the Social Security system. (Report, at 3.)

Plaintiff contends that Magistrate Judge Netburn erred in understanding the appealed application was for DIB, when in fact it was for "Separation Rights and Benefits" under

3

Subsection 560 of the U.S. Postal Service Employee and Labor Relations Manual ("ELM"). (Pl.'s Obj., at 1.) Plaintiff's objection has no basis in fact or law, and instead reiterates arguments made before Magistrate Judge Netburn and in his Complaint. (*Compare* Pl.'s Obj. *with* Pl.'s Opp'n, ECF No. 19 *and* Compl., at 8.) This Court therefore reviews the Report for clear error. *See Silva,* 509 F. Supp. 2d at 366.

Upon review of the ELM, Subsection 560 explains the Civil Service Retirement System ("CSRS") of the U.S. Postal Service, under which covered employees, such as Plaintiff, did not pay Social Security retirement, survivor, or disability taxes. *See* Chapter 561, ELM, http://about.usps.com/manuals/ elm/html/elmc5_041.htm. (last visited December 31, 2016)); (Report at 7). In 1984, as the Report correctly explained, the Federal Employees Retirement System (FERS) became the mechanism through which federal employees, such as Plaintiff, paid wages into Social Security. (Report at 7.)

While some employees could have switched from CSRS to FERS, and Plaintiff may have been one of those employees, Plaintiff was unable to provide any documentation from his years of employment at USPS that he paid the required FICA taxes prior to 1984. (*See id.,* at 8.) Neither did Plaintiff provide this Court with a record as to his possible USPS pension. (*Id.* at 9.) As the Government correctly stated, "Plaintiff's complaint concerning his eligibility and entitlement to DIB is premised on his mistaken belief that the earnings he received while employed by the USPS should have been counted in calculating his quarters of coverage for entitlement and eligibility for DIB." (Def.'s Mem. in Supp. of Mot. for J. on the Pleadings ("Mem."), ECF No. 13, at 13.)

4

Magistrate Judge Netburn therefore properly recommended that Defendant's motion for judgment on the pleadings be granted, as Plaintiff's federal employment did not entitle him to coverage under this particular government program. (Report, at 10-11.)[2]

Having found no clear error, this Court accepts these recommendations in full.

### III. CONCLUSION

Having adopted the Report in full, Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 12.

Dated: New York, New York
January 10, 2017

SO ORDERED.

*George B Daniel*
GEORGE B. DANIELS
United States District Judge

---

[2] In light of Plaintiff's improper constitutional claims of racial discrimination by non-parties to this action, (Report, at 10), and complaints that the Queens County Bar Association failed to provide Plaintiff with representation in this action, (id.), Magistrate Judge Netburn thoughtfully referred Plaintiff to the New York County Lawyers Association (NYCLA) or the Pro Se Legal clinic of this District at 40 Foley Square, New York, New York. (Id. at 10-11.) This Court again urges Plaintiff to seek out proper legal advice through these services.

5